UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 20-86-DLB**

**CLARENCE RILEY SUMPTER**                                                  **PLAINTIFF**

**v.**                      **MEMORANDUM OPINION AND ORDER**

**BOYD COUNTY, KENTUCKY**                                          **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Clarence Riley Sumpter, an inmate confined at the Boyd County Detention Center ("BCDC"), filed a complaint against Defendant Boyd County, Kentucky, alleging that officials at the BCDC failed to adequately comply with his request for a Kosher diet that is required by his Jewish faith. (Doc. # 1). Defendant, through counsel, has filed a motion to dismiss the complaint. (Doc. # 14). Plaintiff has not responded to the motion and the time for doing so has expired. (Doc. # 15). *See also* LR 7.1(c). Thus, the matter is ripe for the Court's review.

Plaintiff's complaint alleges that, although his diet change request regarding his Kosher diet was granted, he was informed that the only available meal was a vegetarian tray, notwithstanding the fact that the BCDC has access to (and also serves) Kosher food bags that are used to substitute the mainline food. (Doc. # 1). He further states that, in response to a grievance he filed regarding the issue, the Food Service Department explained that only one "Kosher Bag" would be given out each day and that any other tray would be substituted with what was available on the mainline tray, which, apparently, is a vegetarian tray. However, Plaintiff claims that it is a violation of his First Amendment

1

rights to deny him a Kosher meal when there is an available source to accommodate his diet.  As relief, Plaintiff requests that the BCDC be ordered to accommodate his religious diet in compliance with his religious rights under the First Amendment by serving him Kosher bags.  (Doc. # 1).

In its motion to dismiss, Defendant argues that Plaintiff failed to exhaust his administrative remedies with respect to his claims before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e).  (Doc. # 14).  In addition, Defendant argues that Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  (*Id*.).

Before turning to the merits of Defendant's motion, the Court must first address Plaintiff's failure to file a response to Defendant's dispositive motion.  Local Rule 7.1(c) provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion."  *See* L.R. 7.1(c).  In addition, the Court's September 21, 2020 Order advised Plaintiff that, if he failed to timely file a response to Defendant's motion, "the Court may dismiss his case for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or grant Defendant's motion for any reason adequately supported by the record, *see Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)."  (Doc. #15).  Thus, Plaintiff was specifically warned that the failure to file a response may result in the dismissal of his case for failure to prosecute.  Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed.  *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005).

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-30 (1962); *see also Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Federal Rule of Civil Procedure 41(b)] to enter a *sua sponte* order of dismissal.").

In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 19 F.3d 1433, 1994 WL 91814, at *2 (6th Cir. 1994) (unpublished table decision) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Plaintiff failed to comply with the Court's Order directing him to file a response to Defendant's motion, despite the Court's clear warning that his failure to do so may result in dismissal of his case. Thus, evaluating all of these factors, the Court concludes that dismissal of Plaintiff's complaint, without prejudice, is warranted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

In addition, as argued by Defendant, dismissal is warranted because Plaintiff failed to fully exhaust his administrative remedies with respect to his claims prior to filing this lawsuit. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all "well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Plaintiff is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USC § 1997e(a). Exhaustion is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."), and applies to any claim that arises out of any aspect of prison life, whether it involves general circumstances or particular episodes, and whether it alleges excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BCDC's grievance process allows an inmate to file a grievance if the inmate believes that he has "been subject to abuse, harassment, abridgment of civil rights, or

4

denied privileges specified in the posted rules." (Doc. # 14-3). A grievance "shall be made in the form of a written statement by the inmate promptly following the incident, sealed in an unstamped envelope and addressed to the Jailer." (*Id*.). The Jailer will review the grievance and determine if it constitutes a prohibited act by a Detention officer or staff member; a violation of the inmate's civil rights; a criminal act; or an abridgement of inmate privilege, and will further determine if an investigation shall be ordered. (*Id*.). The inmate submitting the grievance will receive a response in 10 days following the investigation of the grievance, which will include findings and actions taken by the Jailer. (*Id*.). If the inmate is not satisfied with the Jailer's disposition of the grievance, "the inmate shall be furnished paper, pencil, and an envelope in order to set forth his grievance in writing and his objection to the disposition of the grievance." (*Id*.).

In Plaintiff's complaint, he states that he filed two grievances with respect to his dietary request, one on June 26, 2020 and a second one on July 8, 2020. (Doc. # 1 at 5). While Plaintiff did not attach copies of these grievances to his complaint, Defendant did attach its records regarding Plaintiff's grievances to its Motion to Dismiss. (Doc. # 14-1). If a plaintiff refers to a document in his complaint and it is central to his claim, the document will be considered part of the pleadings even if the plaintiff does not attach it to his complaint if the defendant attaches it to the motion to dismiss. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288 (6th Cir. 2015) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)); *see also Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011).[1]

---

[1] While the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013), this includes documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also consider "other materials that are integral to

5

The records submitted by Defendant confirm that Plaintiff filed his first grievance (assigned Grievance #093841113) on June 25, 2020, to which prison staff responded on June 26, 2020.  (Doc. # 14-1).  Plaintiff filed a second grievance (assigned Grievance #094715263) on July 5, 2020, to which prison staff responded on July 8, 2020.  (Doc. # 14-2).  Plaintiff's complaint does not allege that he appealed the resolution of either grievance in writing (Doc. # 1) and the records submitted by the BCDC (which are not challenged by Plaintiff, as he failed to respond to Defendant's motion) do not reflect that he did so.

Because Plaintiff failed to appeal the resolution of either grievance, he failed to fully exhaust his administrative remedies with respect to his claims  Cf. *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).  And because Plaintiff failed to fully exhaust his administrative remedies prior to filing his complaint, he did not satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a) prior to filing his complaint.  Thus, Defendant's motion will be granted and Plaintiff's complaint will be dismissed.  See *Napier v. Laurel Cnty.*, 636 F.3d 218, 222 (6th Cir. 2011) (noting that the exhaustion requirement "is a strong one," and where the plaintiff has not complied with it, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns).

---

the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011).

Because dismissal without prejudice is warranted because Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit, the Court declines to consider Defendant's alternative argument that Plaintiff's complaint fails to state a claim for which relief may be granted. Accordingly,

**IT IS ORDERED** as follows:

(1) Defendant's motion to dismiss (Doc. # 14) is **GRANTED**;

(2) Plaintiff's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

(3) This matter is **STRICKEN** from the Court's docket;

(4) A Judgment will be entered contemporaneously herewith.

This 7th day of December, 2020.



Signed By:
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\PSO Orders\0-20-86 MOO Granting MTD.docx